# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGELITA M. CHEGUP, TARA J. AMBOH, MARY CAROL JENKINS, and LYNDA M. KOZLOWICZ,<br><br>Plaintiffs,<br><br>vs.<br><br>UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, a federally recognized Indian tribe; THE TRIBAL BUSINESS COMMITTEE FOR THE UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION; LUKE DUNCAN; TONY SMALL; SHAUN CHAPOOSE; EDRED SECAKUKU; RONALD WOPSOCK; AND SAL WOPSOCK,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19-cv-00286-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Edson Gardner's ("Gardner") Motion for Leave to File Amicus Curiae and to Intervene on Ute Tribe's Sovereign Immunity. Because the court concludes that oral argument would not significantly aid in its determination of the motion, it issues the following Memorandum Decision and Order based on the memorandum submitted by Gardner and the law and facts relevant to the motion

## BACKGROUND

This case arises from an Order of Banishment from the Uintah and Ouray Reservation (the "Reservation") issued by Defendants against Plaintiffs, who are members of the Ute Indian Tribe (the "Tribe"). In response to their banishment, Plaintiffs filed a complaint and petition for writ of habeas corpus. In their complaint, Plaintiffs contend that Defendants violated their (1)

rights under the Due Process Clause of the Indian Civil Rights Act of 1968 ("ICRA") (25 U.S.C. §§ 1302(8)); and (2) right to be informed of charges and confront witnesses under ICRA (25 U.S.C. § 1302(6)). In short, Plaintiffs claim that their liberty has been severely restrained by being banished from the Reservation.

## DISCUSSION

Gardner, another member of the Tribe, now seeks to intervene on behalf of the Tribe under Rule 24 of the Federal Rules of Civil Procedure and submit an amicus curiae brief pursuant to Rule 20 of the Federal Rules of Appellate Procedure.

### I. Motion to Intervene

Under Rule 24 of the Federal Rules of Civil Procedure, there are two types of intervention: intervention as a matter of right and permissive intervention. Fed. R. Civ. P. 24(a)–(b). Regarding interventions of right, a "court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The Tenth Circuit has opined that an "applicant may intervene as of right if: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impair[ed] or impede[d]; and (4) the applicant's interest is [not] adequately represented by existing parties." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (quotation marks omitted) (alterations in original).

In this case, Gardner contends that he is entitled to intervene as a matter of right due to his substantial interest in protecting the sovereignty of the Reservation. Under the third and fourth factors above, however, the court concludes that Gardner is not entitled to intervene. First, it is difficult to see how Gardner's interests would be impaired or impeded by this lawsuit. Gardner has not been banished, he is not a member of the Tribal Business Committee, and he appears to bear no relationship to this case other than simply being a member of the Tribe. Second, Gardner's interests are being adequately represented by Defendants. Indeed, in Defendants' motion to dismiss Plaintiffs' complaint, they assert that the Tribe is protected by the doctrine of sovereign immunity. Thus, like Gardner, Defendants have a substantial interest in the Tribe's sovereignty, and they have articulated that interest in their motion to dismiss. Consequently, Gardner has not established that he is entitled to intervene as a matter of right.

As for permissive interventions, a court may allow an individual to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Importantly, for permissive interventions, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Gardner has failed to persuade the court that he should be permitted to intervene. As stated above, Gardner has very little to do with this case other than the fact that it involves the Tribe. The court is satisfied that his interests in this case, as minimal as they may be, are being adequately represented by Defendants. Furthermore, allowing Gardner to intervene would unduly delay the adjudication of the original parties' rights given that the court has already taken

the parties' pending motions to dismiss and motion for immediate release under advisement. Accordingly, the court will not permit Gardner to Intervene.

Because the court concludes that Gardner should not be allowed to intervene, whether by right or permission of the court, Gardner's request to intervene is denied.

## II. Motion for Leave to File Amicus Curiae Brief

Federal Rule of Appellate Procedure 29 provides that an "amicus curiae may file a brief only by leave of court." Fed. R. App. P. 29(a)(2). While the court has concluded that it will not permit Gardner to intervene, the court finds no issue with allowing him to submit an amicus curiae brief. Accordingly, the court will grant that portion of Gardner's motion.

## CONCLUSION

Based on the foregoing reasoning, Gardner's Motion for Leave to File Amicus Curiae and to Intervene on Ute Tribe's Sovereign Immunity is hereby GRANTED in part and DENIED in part. Gardner's request to file an amicus curiae brief is GRANTED, but his request to intervene is DENIED. Gardner must file his brief on or before December 2, 2019.

Dated this 21st day of November, 2019.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge