IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGELITA M. CHEGUP, TARA J. AMBOH, MARY CAROL JENKINS, LYNDA M. KOZLOWICZ,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, a federally recognized Indian tribe; *et al.*,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:19-CV-00286<br><br>District Judge Bruce S. Jenkins |

　　This matter is before the court on mandate of the Tenth Circuit to consider the issue of whether Plaintiffs Angelita Chegup, Tara Amboh, Mary Carol Jenkins, and Lynda Kozlowicz exhausted their tribal remedies prior to bringing suit in federal court. *See Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 28 F.4th 1051, 1062 (10th Cir. 2022).

　　At issue are Defendants Ute Indian Tribe of the Uintah and Ouray Reservation, Tribal Business Committee for the Ute Indian Tribe of the Uintah and Ouray Reservation, Luke Duncan, Tony Small, Shaun Chapoose, Edred Secakuku, Ronald Wopsock, and Sal Wopsock's Motion to Dismiss (ECF No. 45). That motion was originally granted by a colleague, Judge Dale Kimball. Such order was reversed and remanded by the Tenth Circuit for a review of the exhaustion by Plaintiffs of available tribal remedies. Plaintiffs' Motion for Immediate Release (ECF No. 20) was sent back as well. On July 12, 2022, this court held an evidentiary hearing

regarding exhaustion of tribal remedies (ECF No. 124). The Plaintiffs were represented by Ryan Dreveskracht, and the Defendants were represented by J. Preston Stieff.

Having considered all of the testimony, evidence, and briefing submitted by the parties, as well as the law and facts relating to the motions and the opinion of the Tenth Circuit, the court concludes that Defendants' Motion to Dismiss should be GRANTED because of Plaintiffs' failure to exhaust tribal remedies.

### I.   Background

Plaintiffs are enrolled members of the Ute Indian Tribe of the Uintah and Ouray Reservation ("the Tribe"), a federally recognized Indian tribe in the State of Utah.[1] Plaintiffs were banished from the Tribe by the Tribal Business Committee, the governing body of the Tribe, for a period of five years at the conclusion of a hearing before the committee on November 27, 2018.[2] Plaintiffs filed the Complaint in this court on April 29, 2019, requesting habeas corpus relief under the Indian Civil Rights Act of 1968, 15 U.S.C. §§ 1301-1303 ("ICRA").[3] Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) on July 12, 2019.[4] Defendants Edred Secakuku, Ronald Wopstock, and Sal Wopsock brought individual motions to dismiss on September 30, October 4, and October 7 of 2019 (ECF Nos. 62, 67, and 68). Judge Kimball granted the collective motion to dismiss on December 3, 2019, on the grounds that the court lacked subject matter jurisdiction under Rule 12(b)(1) because Plaintiffs were not "in custody" for purposes of ICRA.[5] Plaintiffs appealed.[6]

---

[1] ECF No. 115, at 2.
[2] *Id.*
[3] ECF No. 2, at 1.
[4] ECF No. 45.
[5] ECF No. 85. Judge Kimball also dismissed the individual motions as moot.
[6] ECF No. 87.

On March 18, 2022, the Tenth Circuit reversed the decision.[7] The Circuit determined that the district court failed to conduct an ICRA analysis in the proper sequence. The Circuit recommended that instead of reaching the jurisdictional question, the court should have determined whether Plaintiffs had exhausted their tribal remedies prior to bringing a federal suit.[8] The Tenth Circuit reasoned that respect for tribal sovereignty demanded the tribal exhaustion analysis be conducted first in order to determine whether the suit should have been allowed to proceed in federal court at all.[9] The court remanded the matter to the district court, mandating the court to determine whether tribal exhaustion precludes the banished members from proceeding in federal court.[10] Judge Kimball recused himself from the matter, and the case was reassigned.[11]

## II. Discussion

### A. Motion to Dismiss

Defendants brought their Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). The district court previously dismissed this matter for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[12] However, the Supreme Court has determined that the matter of tribal exhaustion is a matter of comity. *See Strate v. A-1 Contractors*, 520 U.S. 438, 453 (1997) (finding that the tribal exhaustion requirement is "a prudential rule, based on comity.") (internal citation and quotation marks omitted); *Iowa Mut. Ins. v. LaPlante*, 480 U.S. 9, 16 (1987) ("Regardless of the basis for jurisdiction, the federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a full opportunity to determine its own jurisdiction.") (internal quotation marks omitted).

---

[7] ECF No. 100.
[8] *Id.* at 2.
[9] *Id.*
[10] *Id.* at 37-38.
[11] ECF No. 101.
[12] ECF No. 85, at 6.

The Defendants also originally asked for dismissal under Rules 12(b)(2) and 12(b)(5), alleging that the court lacks personal jurisdiction over the Tribe and the individual Defendants due to insufficient service of process. The Tribe was served at its tribal offices on May 21, 2019,[13] and the Tribal Business Committee and Ute Indian Tribal Court were served June 3, 2019.[14] The individual Defendants were served as follows: Edred Secakuku was served on September 7, 2019;[15] Ronald Wopsock was served September 12, 2019;[16] and Sal Wopsock was served September 17, 2019.[17] The process server attempted to serve Tony Small twice, on September 7 and September 12, 2019, but was unable to do so based on an incorrect address.[18] The process server attempted to serve Shaun Chapoose four times, on September 7, 10, 13, and 18 of 2019, but neither Defendant nor anyone else answered the door.[19]

The served Defendants argue that their service was untimely and that the service did not comport with tribal rules. Defendants argue that Fed. R. Civ. P. 4 does not include a section on Indian Tribes and, as such, Plaintiffs must effectuate service on the Tribe and its Business Committee in accordance with the Tribe's law, which requires that service be made "by a person who has lawful authority." Plaintiffs' Complaint was filed in federal court. The Federal Rules of Civil Procedure, not the tribal rules, apply. As for timeliness, Fed. R. Civ. P. 4(m) requires service to be made within 90 days of the filing of the Complaint; if it is not, the court may dismiss the action, unless the Plaintiffs can show good cause for the failure. The Tenth Circuit recognizes attempts to avoid service, as Defendants have done in this matter, constitute "good cause" for extending the time to serve a Defendant. *Hendry v. Schneider*, 116 F.3d 446, 449

---

[13] ECF No. 47, at 8.
[14] ECF Nos. 36 and 37.
[15] ECF No. 59.
[16] ECF No. 60.
[17] ECF No. 61.
[18] ECF No. 63.
[19] ECF No. 64.

(10th Cir. 1997). Defendant Secakuku and Defendants Wopsock were properly served. Their motions to dismiss (ECF No. 62, 67, and 68) are also moot, as will be discussed below.

Given that two Defendants—Tony Small and Shaun Chapoose—appear to have successfully avoided service throughout this litigation[20] and have yet to be served, they must be dismissed from this action for lack of personal jurisdiction under Rules 12(b)(2) and 12(b)(5).

Finally, Defendants also sought dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is irrelevant to the analysis of whether tribal remedies were exhausted, and therefore the court will not consider it.

The Tenth Circuit has held that "[a] federal action may be abated or dismissed *without prejudice* to enable pursuit of tribal court remedies." *United States v. Chuska Development Corp.,* 55 F.3d 1491, 1492 (10th Cir.1995) (citing *National Farmers Union Ins. Co. v. Crow Tribe of Indians,* 471 U.S. 845, 8557 (1985)) (emphasis added). Because the basis of Defendants' motion and the mandate of the Tenth Circuit is to consider tribal exhaustion, the court will treat the motion to dismiss to be without prejudice.

B. Tribal Exhaustion Rule

As directed by the Tenth Circuit, the principal issue in this case is the matter of the exhaustion of tribal remedies. Congress developed the tribal exhaustion rule because of its "strong interest in promoting tribal sovereignty, including the development of tribal courts." *Smith v. Moffett,* 947 F.2d 442, 444 (10th Cir. 1991). When a federal court has subject-matter jurisdiction concurrently with a tribe, "[j]urisdiction presumptively lies in the tribal court . . . unless Congress has expressly limited that jurisdiction." *United States v. Tsosie,* 92 F.3d 1037, 1041 (10th Cir. 1996) (internal citations omitted). The Supreme Court has noted that "[a]t a

---

[20] ECF Nos. 63, 64.

minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts," and, by extension, bodies like the Tribal Business Committee. *Iowa Mut. Ins Co.*, 480 U.S. at 17.

The Tenth Circuit has noted several exceptions to the tribal exhaustion rule. Exhaustion of tribal remedies is not required:

> (1) where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) where the tribal court action is patently violative of express jurisdictional prohibitions; (3) where exhaustion would be futile because of the lack of an adequate opportunity to challenge the tribal court's jurisdiction; (4) when it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by the main rule established in *Montana v. United States*, 450 U.S. 544 . . . (1981); or (5) it is otherwise clear that the tribal court lacks jurisdiction so that the exhaustion requirement would serve no purpose other than delay.

*Norton v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 862 F.3d 1236, 1243 (10th Cir. 1997).

The exceptions to the tribal exhaustion rule are to be applied narrowly. *Id.* The Tenth Circuit has "required a party invoking any of these exceptions to make a substantial showing of eligibility." *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 11 F.4th 1140, 1149 (10th Cir. 2021) (internal quotation marks omitted).

If none of the exceptions are applicable, the court must determine whether to apply the exhaustion rule "based on comity concerns for Indian tribes in maintaining their sovereignty." *Kerr-McGee Corp. v. Farley*, 115 F.3d 1498, 1507 (10th Cir. 1997). There are three main concerns when dealing with tribal exhaustion: "(1) furthering congressional policy of supporting tribal self-government; (2) promoting the orderly administration of justice by allowing a full record to be developed in the tribal court; and (3) obtaining the benefit of tribal expertise if further review becomes necessary." *Id.* (citing *National Farmers,* 471 U.S. at 856–57).

C. Analysis

Defendant Tribal Business Committee issued an Order of Banishment to each of the Plaintiffs on November 27, 2018.[21] The Orders indicated that Plaintiffs were temporarily banished and not allowed on the reservation for five years, as well as other restrictions.[22] As discussed below, there was little effort by the Plaintiffs to find tribal relief.

Plaintiffs have not specifically pointed out which exceptions to exhaustion they believe apply in their briefing. The Tenth Circuit referred to their arguments about bad faith and futility in its decision,[23] and therefore this court will focus its analysis on those exceptions, as the other exceptions do not appear to apply. The court does not find the bad faith exception particularly apt, as there appears to be a very genuine issue over the Tribe's interest in determining its own membership and having its governing body overseen by its own judicial system. The only possible exception would be futility.

Plaintiffs' primary argument throughout this proceeding is that there was no cognizable relief available via the tribal courts due to an ordinance that prohibited the Ute tribal courts from reviewing the decisions made by the Tribal Business Committee, the group that issued the orders of banishment.[24] The ordinance to which they refer is Ordinance No. 13-022, which was adopted by the Tribal Business Committee on March 27, 2013.[25] This ordinance does indicate that the tribal courts are not to have jurisdiction over the decisions of the Tribal Business Committee.[26]

However, as Defendants pointed out, Ordinance No. 13-022 was superseded by

---

[21] ECF No. 2, at 10-11.
[22] *Id.*
[23] *Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 28 F.4th 1051, 1069 (10th Cir. 2022).
[24] ECF No. 110, at 8-9.
[25] ECF No. 48, Ex. 2 at 11.
[26] *Id.* ("The Courts of the Ute Indian Tribe shall not review actions of the Tribal Business Committee and shall not have jurisdiction to hear any claims against the Tribe or its officers or employees in their official capacity").

7

Ordinance No. 14-004, which was passed August 26, 2014.[27] Section 3-1-11(1) of the Ordinance provides that, "The Tribal Court shall have exclusive authority to hear appeals from orders of exclusion and/or removal after a hearing has been held thereon before the Ute Tribal Business Committee."

Section 3-1-11(2) of the Ordinance provides that, "The Appellate Court shall have exclusive authority to hear appeals from orders of exclusion and/or removal *after* a hearing has been held thereon before the Tribal Court" (emphasis added).

Thus, Ordinance No. 14-004 provided the opportunity for two levels of tribal review. Plaintiffs must demonstrate that "[t]he tribal remedy . . . [is] nonexistent by an actual attempt *before* a federal court" can take up the matter." *White v. Pueblo of San Juan*, 728 F.2d 1307, 1313 (10th Cir. 1984) (emphasis added).

Plaintiffs did not comply with the tribal Ordinance No. 14-004. Under Ute law, Plaintiffs were authorized to appeal the banishment orders to the tribal courts. Instead, Plaintiffs turned to the federal court system, thus denying the tribal courts the opportunity to resolve the banishment issue. Plaintiffs, with the exception of Lynda Kozlowicz and Mary Carol Jenkins, do not dispute the fact that they made no attempt to appeal this matter in the tribal court.[28] Indeed, Angelita Chegup and Tara Amboh provide no evidence that any sort of appeal was attempted, except to try to claim Ms. Kozlowicz's and Ms. Jenkin's actions applied to all four Plaintiffs. They do not.

Ms. Kozlowicz and Ms. Jenkins allege that they attempted to file an appeal document on December 5, 2018 and that the clerk present that day declined to accept the papers and informed them they were banished.[29] The alleged "appeal" document was presented to this court. It

---

[27] ECF No. 45, Ex. B at 6.
[28] ECF No. 110, 8-11.
[29] *Id.* at 10-11.

appears to be an application for a temporary restraining order, not necessarily an appeal.[30] In her testimony on July 12, 2022, Ms. Kozlowicz also alleged, apparently for the first time throughout this proceeding, that she attempted to lodge an appeal document on behalf of herself and Ms. Jenkins with the Tribal Business Committee itself on November 27, 2018.[31] As noted above, this effort by Ms. Kozlowicz and Ms. Jenkins has no effect on Ms. Chegup or Ms. Amboh. They admitted to making no appeal attempt. While Ms. Kozlowicz and Ms. Jenkins attempt to characterize these efforts as an appeal process, they do not follow the process dictated by Ordinance No. 14-004. Ordinance No. 14-004 states that any appeal of banishment orders should go from the Tribal Business Committee to the tribal court. Though Ms. Kozlowiczs has alleged that she was "rejected" by the court clerk to whom she tried to hand her document, the Tenth Circuit has noted that "even if the tribal court's doors were closed to the banished members in the past, they were obligated to knock again before bringing the present suit." *Chegup*, 28 F.4th at 1068. Plaintiffs' contention that the exhaustion of tribal remedies would have been futile is not compelling. Plaintiffs had an obligation to appeal this matter to the tribal court, as the ordinance allowed. Plaintiffs' attempt to incorrectly submit documents to individuals who may or may not be authorized to accept appeals does not make the "substantial showing" that exhaustion requires. *Thlopthlocco Tribal Town v. Stidham*, 762 F.3d 1226, 1238 (10th Cir. 2014).

Plaintiffs have made several arguments against the governing law, Ordinance No. 14-004. First, Plaintiffs have argued that the law was somehow concealed from them and that they had no notice that such a law was in application and had superseded Ordinance No. 13-022.[32] The Tenth Circuit has noted that this argument is "not compelling." *Chegup*, 28 F.4th at 1068. The Tenth

---

[30] ECF No. 113.
[31] Pl. Ex. 1 at Evidentiary Hr'g on July 12, 2022 (ECF No. 125).
[32] ECF No. 110, at 9-10.

Circuit has previously rejected the argument that lack of knowledge of a tribal law is an excuse for failure to exhaust tribal remedies. In a case where a tribal member alleged that he did not know of his option to file a petition in tribal court and requested his failure to exhaust be excused, the court noted that "ignorance of the law is not a valid excuse for failing to satisfy procedural requirements." *Valenzuela v. Silversmith*, 669 F.3d 1199, 1207 (10th Cir. 2012). Second, regardless of whether the law was widely promulgated prior to this action, Defendants did include a copy of Ordinance 14-004 as part of its Motion to Dismiss on July 12, 2019.[33] Thus, a few months after the Complaint had been filed, Defendants were well-informed that they were seeking relief in the wrong forum. No action has been filed in the tribal court to date.[34]

Plaintiffs have also argued that Ordinance No. 14-004 is invalid. Following the evidentiary hearing, the court requested the parties file supplemental briefing on the need for the Secretary of Interior to review the tribal ordinance in question. Plaintiffs, for their part, argued that "Ordinance 14-004 is invalid since it was not approved by the Secretary of the Interior as required by Article VI, Section 1(i), of the Tribe's Constitution."[35] They put forth the blank signature block on the copy of the Ordinance for Lelilah Duncan, the then Acting Superintendent for the Uintah and Ouray Reservation, as evidence for lack of review.[36]

"Secretarial approval is required only of those tribes that have chosen to include such a requirement in their constitutions, bylaws or charters." *Kerr-McGee Corp.*, 731 F.2d at 603. Article VI, Section 1(i) of the Tribe's Constitution states that the Tribal Business Committee shall have the power "[t]o exclude from the territory of the Uintah and Ouray Reservation persons not legally entitled to reside therein, under ordinances which shall be *subject to review*

---

[33] ECF No. 45.
[34] ECF No. 115, at 7.
[35] ECF No. 126, at 4.
[36] *Id.*

10

*by the Secretary of the Interior.*"[37] While Plaintiffs are correct that the Tribe's Constitution required the Secretary of the Interior to review this ordinance, the Defendants have indicated that this ordinance was in fact submitted to the Superintendent of the Reservation as required by the Tribe's Constitution. Defendants suggest that the reason the signature block is blank is because there is no requirement that the Superintendent or Secretary return a signed copy to the Tribe.[38]

Defendants have pointed to another avenue of tribal remedies Plaintiffs could have pursued prior to bringing this suit in federal court. Rule 35 of the Ute Indian Rules of Civil Procedure—published in 1988—directs the tribal court to conduct habeas corpus proceedings "whenever it appears to the court that any person is unjustly imprisoned or otherwise restrained of his liberty."[39] As such, there can be no question that Plaintiffs had tribal remedies available to them that they failed to exhaust prior to knocking at the federal court's door.

It is clear to the court that Plaintiffs have failed to exhaust their tribal remedies. Plaintiffs have not made a substantial showing as to why this failure to exhaust should be excused. In the interest of comity, this matter belongs in the tribal courts of the Ute Indian Tribe, not here.

---

[37] Const. and By-laws of the Ute Indian Tribe of the Uintah and Ouray Reservation, Art. VI, §1(i) (emphasis added). *See also* Art. VI, §2 – manner of review ("Any resolution or ordinance which by the terms of this Constitution is subject to review by the Secretary of the Interior, shall be presented to the Superintendent of the Reservation who shall, within ten (10) days thereafter, approve or disapprove the same, and if such ordinance or resolution is approved, it shall thereupon become effective, but the Superintendent shall transmit a copy of the same, bearing his endorsement, to the Secretary of the Interior, who may, within ninety (90) days from the date of enactment, rescind said ordinance or resolution for any cause, by notifying the Tribal Business Committee of such action; provided that if the Superintendent shall refuse to approve any resolution or ordinance submitted to him within ten (10) days after its enactment, he shall advise the Tribal Business Committee of his reasons therefor, and the Committee, if such reasons appear to be insufficient may refer it together with the Superintendent's objections to the Secretary of the Interior, who may pass upon same and either approve or disapprove it within ninety (90) days from its enactment.")
[38] ECF No. 131, at 6.
[39] Ute Indian Rules of Civil Procedure 35(b), https://narf.org/nill/codes/ute_uintah_ouray/utebodyt2.html.

## **CONCLUSION**

For the reasons provided above, the court orders that Defendant's Motion to Dismiss (ECF No. 45) is GRANTED, and Plaintiffs' action is dismissed without prejudice. Defendants Secakuku and Wopstock's individual Motions to Dismiss (ECF No. 62, 67, and 68) are dismissed as moot. Plaintiffs' Motion for Immediate Release (ECF No. 20) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of September, 2022.

Bruce S. Jenkins
United States District Judge